■ STATE DIVISION OF HUMAN RIGHTS, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.—Petition for an order of enforcement of an order of the Commissioner of Human Rights, dated

January 7, 1980, is dismissed without prejudice and the matter is remanded for further proceedings on appropriate notice to the Department of Civil Service, without costs and without disbursements. Complainant was a Grade 16 employee of the New York State Addiction Control Commission, Office of Drug Abuse Services, when its facilities were closed due to budgetary constraints. A number of the employees were offered transfers to newly allocated Grade 14 positions with the State Department of Correctional Services. Complainant was not among those offered a transfer. We agree that respondent's withholding of an offer of transfer to complainant was discriminatory, as determined by the Division of Human Rights, in violation of the Human Rights Law (Executive Law, § 296). We note the subsequent withdrawal of respondent's administrative appeal from that ruling to the Human Rights Appeal Board. Complainant has since been placed in a position with the Department of Correctional Services at Grade 14, notwithstanding petitioner's direction that he be reinstated at Grade 16, with back pay at that grade. The order sought to be enforced is the order directing reinstatement at Grade 16. The difficulty lies in the remedy. The Department of Correctional Services asserts it cannot reinstate complainant at Grade 16 because the Department of Civil Service will not certify the salaries and payments provided for in the commission's orders (Civil Service Law, § 100). So far as appears from the record, all employees transferred to respondent agency were placed in positions at Grade 14, even though some had served at Grade 16 in the eliminated jobs. The Grade 14 classification was made by the Department of Civil Service. The Department of Civil Service has refused to certify the salaries and payroll at Grade 16, as required by the order of the Division of Human Rights. The Department of Civil Service asserts that the division order is unlawful and without authority because only the Director of Classification and Compensation, Department of Civil Service, can classify and allocate positions (Civil Service Law, § 118). Only that agency can certify the payment of salaries in those allocated positions (Civil Service Law, § 100). Inasmuch as the Department of Civil Service was not made a party to the administrative proceedings ordering complainant's reinstatement, petitioner was without authority to direct reinstatement in a salary grade not so allocated by that agency. When the Department of Correctional Services made application to the hearing officer to join the Department of Civil Service as a party, counsel for the complainant opposed the application and the motion was denied. The effort now to compel the Department of Civil Service to take action in a proceeding to which it has never been and is not now a party makes it impossible to grant an order of enforcement. Only the Department of Civil Service can explain why transfers were restricted to Grade 14 allocated positions, and only after hearing from that agency would petitioner be in a position to determine if restriction of newly allocated positions to Grade 14 was itself discriminatory. In order to place complainant at Grade 16, the Department of Civil Service would have to be made a party to the proceeding. Concur—Fein, J. P., Sandler, Sullivan, Bloom and Carro, JJ.